Filed 7/18/24  P. v. Nazari CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>WALIULLAH NAZARI,<br><br>        Defendant and Appellant. | D081940<br><br><br>(Super. Ct. No. SCD285003) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Charles C. Ragland, A. Natasha Cortina, and Liz Sulaiman Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Waliullah Nazari guilty of two counts of making false and fraudulent statements for the purpose of obtaining workers' compensation

benefits (Ins. Code,[1] § 1871.4, subd. (a)(1)) and seven counts of attempted perjury under oath (Pen. Code, §§ 118, subd. (a) & 664). The trial court suspended imposition of sentence and placed Nazari on probation for two years, sentenced him to 365 days in jail as a condition of probation, stayed pending successful completion of probation, and ordered him to pay restitution totaling $53,879.44 at $100 per month.

Nazari contends the evidence fails to support his convictions for insurance fraud because the statements he made to a physician that he could not walk or stand without using a walker were not made for the purposes of obtaining workers' compensation benefits but to obtain medical treatment. He also claims there is insufficient evidence that those statements were false. We reject his contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2019,[2] Nazari fell off a ladder at work rendering him unconscious. Hospital records indicated he suffered a broad-based disc herniation between vertebrae 4 and 5, with resulting bilateral/lateral recess stenosis, and sciatica. Nazari submitted a workers' compensation claim to Liberty Mutual Insurance (Liberty Mutual) and received benefits between January 5 and July 19 totaling $99,656.96.

Nazari's treating physician recommended he receive an epidural steroid injection but Nazari's insurance company declined coverage. Nazari saw an orthopedic surgeon for a second opinion about his need for the injection. Among other things, Nazari told the orthopedic surgeon that he needed a walker to stand and could not walk without using a walker. After a

---

[1]     Undesignated statutory references are to the Insurance Code.

[2]     All date references are to 2019.

physical examination, the orthopedic surgeon recommended that Nazari receive the injection and follow-up with his treating physician.

On April 11, a private investigator working for Liberty Mutual conducted a recorded surveillance session and saw Nazari enter his car and drive away. He saw Nazari return in the car, exit the car, and walk without using a walker and with a normal gait. Later that day, he saw Nazari walk unassisted to a car, remove a folding aluminum walker from the trunk, assemble the walker, and then carry the walker out of view. A few minutes later, he observed Nazari walking slowly with a walker for support to a medical transport van where the driver assisted him into the van. When the van returned to the residence, the investigator watched as Nazari used the walker to slowly ambulate up the driveway and out of view.

During another surveillance session Nazari was videotaped carrying a small child in his arms, assisting the child into a vehicle, and driving away. Liberty Mutual deposed Nazari during the time between the video surveillance sessions. At the first deposition, the attorney representing Liberty Mutual observed Nazari enter the room using a walker, move very slowly while standing, and take "quite a bit of time" to sit into his chair. During his second deposition, Nazari claimed, among other things, that he has been unable to carry his child and could not drive because he used a walker. Liberty Mutual closed the investigation in August and reported the matter to the local District Attorney's Office and California Department of Insurance.

## DISCUSSION

The People alleged that Nazari falsely or fraudulently told the orthopedic surgeon on April 1 that he "cannot walk without his walker" (count 1) and "cannot stand without his walker" (count 2). The sole issue

3

raised on appeal is the sufficiency of the evidence supporting counts 1 and 2, his convictions for making false and fraudulent statements for the purpose of obtaining workers' compensation benefits. Nazari contends the evidence is insufficient to show the statements he made to the orthopedic surgeon (1) were false and (2) made for the purposes of obtaining workers' compensation benefits. We disagree.

To determine the sufficiency of the evidence, "we review the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible and of solid value, from which a rational trier of fact could find that the elements of the crime were established beyond a reasonable doubt." (*People v. Tripp* (2007) 151 Cal.App.4th 951, 955.) We must "view the evidence in the light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Lewis* (1990) 50 Cal.3d 262, 277.) Reversal based on insufficient evidence is warranted only if "it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) " '[I]t is the jury, not the appellate court which must be convinced of the defendant's guilt . . . .' " (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1055–1056.) The testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction, unless that testimony is physically impossible or inherently improbable. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Section 1871.4, subdivision (a)(1), makes it unlawful to "[m]ake or cause to be made a knowingly false or fraudulent material statement or material representation for the purpose of obtaining or denying any compensation, as defined in [s]ection 3207 of the Labor Code." Thus, the

elements of this crime are: (1) a materially false statement; (2) made with knowledge that it was false or fraudulent; and (3) with the specific intent to obtain workers' compensation benefits.[3] (*People v. Dieguez* (2001) 89 Cal.App.4th 266, 278.)

Nazari contends the sub rosa videos of him walking and standing without the use of a walker *after* his April 1 visit do not show the falsity of his statements on April 1 because the orthopedic surgeon observed symptoms consistent with a back injury and he presumably received relief from the epidural injection. We are not persuaded.

First, there is no evidence in the record to support Nazari's contention he received an epidural injection before he was subject to surveillance. Second, the orthopedic surgeon relied on Nazari being truthful when forming his conclusions. Nazari told the orthopedic surgeon his average pain was a seven out of ten and claimed the severity of the pain impeded his ability to perform basic daily activities. During the physical examination, Nazari leaned very hard on his walker when asked to lift onto his toes or heels.

Surveillance video taken on four subsequent dates showed Nazari walking normally and standing without the assistance of a walker. On two

---

[3]    The trial court instructed the jury as follows: "The defendant is charged in Counts One and Two with Making a False or Fraudulent Statement To Obtain Worker's Compensation Benefits, in violation of Insurance Code section 1871.4(a)(1). [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The Defendant made or caused to be made a written or oral statement; [¶] 2. The Defendant knew the statement was false or fraudulent; [¶] 3. The false or fraudulent statement was material. [¶] 4. The false or fraudulent statement was made with the specific intent to obtain worker's compensation benefits. [¶] A statement is material if it concerns a subject reasonably relevant to the investigation and if a reasonable insurer would attach importance to the fact represented. [¶] A statement is material even if it does not influence the ultimate decision to award benefits."

occasions, Nazari walked without the walker and then, minutes later, he required the assistance of a walker when transportation arrived to pick him up. From the videos, the jury could reasonably conclude Nazari misrepresented his pain level, faked reliance on the walker during his physical examination, and falsely told the orthopedic surgeon that he required a walker to stand or walk.

Nazari next contends that his statements to the orthopedic surgeon were not made for the purposes of obtaining workers' compensation benefits but for treatment. However, a claims specialist at Liberty Mutual testified he "very much" relies on statements a workers' compensation claimant makes to medical professionals, as well as the claimant's deposition testimony and medical records to determine what benefits will be paid to the claimant. Thus, Nazari's statements to the orthopedic surgeon influenced the surgeon's opinion that Nazari required further treatment and influenced Liberty Mutual's decision to pay Nazari's medical bills—a form of benefits.

On this record, the jury reasonably concluded that Nazari's statements to the orthopedic surgeon were made for the purposes of obtaining workers' compensation benefits. Accordingly, substantial evidence supports Nazari's two convictions for workers' compensation fraud under section 1871.4, subdivision (a)(1).

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.